IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN ALLAN LAYNE, ) | Civil Action No. 7:11-cv-00419 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| KELLY JENKINS, et al., ) | By: | Hon. Michael F. Urbanski |
|     Defendants. ) | | United States District Judge |

Jonathan Allan Layne, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Kelly Jenkins, the Head Nurse at the Roanoke City Jail ("Jail"), and Con Med, Inc. Plaintiff alleges that Jenkins put false information in his medical record and Con Med tried to cover up the mistake. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's submissions, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. Jenkins wrote unspecified "false information" in his medical record a year ago. Con Med tried to cover up the mistake by claiming the information was old, but a recent test proved the information false. As a result of the false information, plaintiff cannot be a Jail trusty and his chances to be employed outside the Jail are reduced. Plaintiff requests $1,000,000 and that Jenkins be fired or transferred.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's claim that false information in his medical report deprived him of the chance to earn money in the Jail or in the public economy does not state a constitutional claim. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (holding that the general loss of future employment opportunities is conjectural); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (stating inmates have no constitutional right to job opportunities while incarcerated). To the extent Jenkins mistakenly wrote false information in his medical file, acts of mere negligence cannot by a basis for a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).

The claim against Con Med, ostensibly Jenkins' employer, likewise must be dismissed. Con Med is not liable under § 1983 for actions allegedly committed by an employee when such liability is predicated solely upon a theory of respondeat superior, and plaintiff fails to identify any Con Med policy or custom giving rise to only corporate liability. See Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (refusing to impose § 1983 liability on a municipality under a theory of respondeat superior); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) (defining municipal § 1983 liability); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982) (applying Monell to private corporations). Accordingly, plaintiff's complaint fails to state a claim upon which § 1983 relief may be granted, and the court dismisses it without prejudice.

III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  September 21, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge